UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STANDARD INSURANCE COMPANY, an Oregon corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>MELINA LaBREE, nka Melina Dawn Limbaugh, individually; MICHELLE VANDENHAAK, individually and as Executrix of the Estate of RANDOLPH G. LaBREE; and RAYMOND LaBREE, individually,<br><br>  Defendants.<br><hr>MICHELLE VANDENHAAK, individually and as Executrix of the Estate of RANDOLPH G. LaBREE; and RAYMOND LaBREE, individually,<br><br>  Third-Party Plaintiffs,<br><br>  v.<br><br>LONGVIEW FIBRE COMPANY,<br><br>  Third-party Defendant. | Case No. C06-5113RJB<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment on Interpleader (Dkt. 10-1) and Defendant Melina LaBree, nka Melina Dawn Limbaugh's Motion for Summary Judgment on Interpleader (Dkt. 12). The Court has reviewed all documents filed in support of and in opposition to

ORDER - 1

these Motions, has reviewed the entire file, and is fully advised.

## I. FACTS

### A. PROCEDURAL HISTORY

Interpleader Plaintiff, Standard Insurance Company ("Standard Insurance") filed this action on February 27, 2006. Dkt. 1. Standard Insurance deposited $155,000 in the registry of the Court on March 3, 2006. Dkt. 4. The deposit represents decedent Randolph LaBree's life insurance policy proceeds. *Id.* Interpleader Defendants, decedent's ex-wife, Melina LaBree, nka Melina Dawn Limbaugh ("Limbaugh"), and his children, Michelle Vandenhaak and Michael Raymond LaBree, dispute who is entitled to the life insurance proceeds. Dkts. 9 and 15. On April 11, 2006, Interpleader Defendant Limbaugh filed an Answer. Dkt. 9. Standard Insurance filed a Motion for Summary Judgment on May 9, 2006. Dkt.10. Limbaugh filed a Response and Cross Motion for Summary Judgment on May 11, 2006. Dkt. 12. On May 12, 2006, Interpleader Defendants Michelle Vandenhaak, Michael Raymond LaBree, and Randolph LaBree's estate ("children and the estate") filed an Answer and Third Party Complaint adding Longview Fibre Company ("Longview Fibre"), Randolph LaBree's employer, as a Third Party Defendant. Dkt. 15-1. William L. Dowell, Attorney at Law, filed a Waiver of Service on behalf of Longview Fibre on May 12, 2006. Dkt. 16. In the interest of Due Process, the Motions for Summary Judgment were re-noted for July 21, 2006 in order to provide Longview Fibre an opportunity to be heard. Dkt. 34. Longview Fibre filed an Answer to the Complaint and a Response to the Motions for Summary Judgment on July 12, 2006. Dkts. 36 and 37.

### B. BACKGROUND

Standard Insurance issued Group Life Insurance Plan No. 613258-A ("the plan") to Longview, effective on January 1, 1993, and as amended effective on January 1, 2000. Dkts. 25-2 and 25-3. Decedent was an employee of Longview Fibre and was insured under the plan in the sum of $155,000. Dkt. 1.

Decedent married Limbaugh on May 28, 2003. Dkt. 29-1, at 2. On June 6, 2003, decedent executed Form No. F-3545-4, entitled "Longview Fibre Company Life Insurance Change of Beneficiary Card," listing Limbaugh as wife and 100% primary beneficiary, with an effective date of change of May 28, 2003. Dkt. 11-2, at 1-2. On March 16, 2005, decedent and Limbaugh's marriage was dissolved. Dkt. 25-

ORDER - 2

6, at 2-9.

According to the children and the estate, on June 14, 2005, decedent went to Longview Fibre, to complete necessary paperwork before retirement. Dkt. 25-1. They state that Longview Fibre was given a copy of the decree dissolving decedent's and Limbaugh's marriage. Dkt. 25-1, at 2. The record contains several forms, signed by decedent, and dated June 14, 2005. Dkts. 29-3 to 29-6. One, entitled "Notice of Change of Beneficiary Employees' Pension Plan of Longview Fibre Company," names his daughter Michelle Vandenhaak, as beneficiary. Dkt. 29-6, at 2. That form stated:

> In accordance with provisions of the Plan, I hereby revoke any designation of beneficiary previously made by me, and subject to my right to change my beneficiary as provided in the Plan, I hereby designate the following, if living, as the beneficiary(ies) to receive any payments to which my beneficiary(ies) may be entitled under the Plan in the event of my death prior to or after by retirement. Beneficiaries, if more than one, shall share equally unless otherwise designated below.

*Id*. The record contains declarations from three witnesses, all who knew decedent and state that he told them he did not intend for Limbaugh to receive any of his money, and that he had "taken her name off his benefits at Longview." Dkts. 22, 23 and 24. Decedent died on June 24, 2005. Dkt. 29-1, at 2.

According to Standard Insurance's Interpleader Complaint, shortly after decedent's death, the children and estate contacted it and indicated that they were entitled to the life insurance proceeds. Dkt. 1-1, at 4. Limbaugh also informed Standard Insurance that she was claiming the proceeds as the named beneficiary. Dkt. 1-1, at 3. The children and the estate wrote Standard Insurance, demanding payment and indicated that it may have some liability, pursuant to 29 U.S.C. § 1132. Dkt. 11-2, at 3-5. Standard Insurance wrote the parties twice and encouraged them to settle the matter. Dkt. 11-2, at 6-9. This action followed.

**C.   PENDING MOTIONS**

Standard Insurance moves for Summary Judgment arguing that: 1) it should be dismissed as a party from this action as the Interpleader Plaintiff because it is in unable to determine which of the defendants is due the life insurance benefits, and it has deposited the life insurance proceeds with the Clerk of the Court, and 2) it is entitled to attorney's fees and costs. Dkt. 10-1.

Limbaugh does not oppose the dismissal of Standard Insurance, but argues that it is not entitled to attorney's fees and costs due to the fact that there is no "genuine doubt" as to who is entitled to the life

ORDER - 3

1    insurance benefits citing *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). Dkt. 12. The children and the estate
2    do not oppose dismissal of Standard Insurance and argue that the award of fees and costs is appropriate.
3    Dkt. 21. Longview Fibre does not oppose the dismissal of Standard Insurance, and does not address the
4    issue of the award of fees and costs. Dkt. 37.

5          Limbaugh makes a Cross Motion for Summary Judgment arguing that: 1) the plan is subject to the
6    Employee Retirement Income Security Act ("ERISA"), 2) under ERISA, the fiduciary of the plan shall pay
7    the designated beneficiary, 3) she was the named beneficiary at the time of decedent's death, and 4) so she
8    is entitled to the life insurance benefits. *Id.* The children and the estate oppose Limbaugh's motion for
9    summary judgment arguing that: 1) there are issues of fact as to wether Limbaugh was the named
10   beneficiary at the time of decedent's death, 2) the doctrine of substantial compliance applies, and 3)
11   decedent took steps to remove his ex-wife as beneficiary. Dkt. 21. Longview Fibre argues that
12   consideration of Limbaugh's cross motion should be stayed, and the money not distributed, until after the
13   Court resolves the third-party claim brought against it by the children and the estate. Dkt. 37. Longview
14   Fibre takes no position as to who is the proper beneficiary. *Id.* Limbaugh did not reply.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

17         Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and
18   admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material
19   fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). The moving
20   party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient
21   showing on an essential element of a claim in the case on which the nonmoving party has the burden of
22   proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial
23   where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.
24   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must
25   present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also*
26   Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence
27   supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the
28   truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific*

ORDER - 4

*Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B.     STANDARD INSURANCE'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10)**

1.     <u>Dismissal of Standard Insurance</u>

Fed. R. Civ. Pro. 22 provides:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

Standard Insurance's Motion for Summary Judgment should be granted and it should be dismissed from this action. The record indicates that Standard Insurance was faced with the possibility of being exposed to double or multiple liability due to conflicting claims to the $155,000 life insurance proceeds. Dkts. 9 and 15. None of the parties object to its dismissal. Dkt. 12, at 5; Dkt. 21, at 2; Dkt. 37, at 2.

2.     <u>Award of Attorney's Fees and Costs</u>

The availability of attorneys' fees for interpleader plaintiffs in ERISA cases "recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation." *Trustees of the Directors Guild of America v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000)(*internal citation omitted*). Attorneys' fees awards are properly limited to those fees that

ORDER - 5

are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions, because the interpleader plaintiff is disinterested in the ultimate result. *Id.* "Compensable expenses include, for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id.* at 426-27.

Standard Insurance seeks $4,841.00 in attorney's fees and costs. Dkt. 10-1, at 5. The children and the estate do not oppose the award of attorney's fees and costs to Standard Insurance. Dkt. 21, at 2. Longview Fibre takes no position regarding such an award. Limbaugh argues attorney's fees and costs should not be awarded to Standard Insurance because there is no doubt that she is the beneficiary. Dkt. 12. As stated below, at this stage in the case, there is doubt as to the proper beneficiary under the plan. Consequently, Standard Insurance is entitled to an award of reasonable attorney's fees and costs. To that end, counsel for Standard Insurance, John E. Pollino, submitted a statement of attorney's fees and costs. Dkt. 11-2, Ex. D. The statement contains initials of unknown people (the court is unable to discern whether these parties are attorneys or other staff), lists the hourly grand total at $5,541.00, and provides no guidance at how Standard Insurance arrived at the figure of $4,841.00. Because the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked, *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995), Standard Insurance should be ordered to provide a further submission: 1) identifying each party for which it is requesting attorney's fees, 2) identifying costs for which it is seeking reimbursement, and 3) explaining how it arrived at the figure of $4,841.00. Standard Insurance should also address the following factors which are used in determining whether a claim for attorney's fees is reasonable: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with

ORDER - 6

Washington Rules of Professional Conduct 1.5. This briefing will be due no later than August 21, 2006, responses, if any, are due on August 28, 2006, and a reply, if any, is due August 31, 2006. The motion for reasonable attorney's fees should be re-noted for September 1, 2006.

### C. LIMBAUGH'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12)

Under ERISA, the fiduciary administers the plan in accordance with the documents and instruments governing the plan, and makes payment to a beneficiary who is designated by a participant, or by the terms of [the] plan. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) (*citing* 29 U.S.C. § 1104(a)(1)(D) and § 1002(8))(*internal quotations omitted*); *Metropolitan Life Ins. Co. v. Parker,* 436 F.3d 1109, 1113 (9th Cir. 2006). Beyond ERISA's general requirement that a fiduciary administer the plan in accordance with the plan documents, ERISA is silent on how plan administrators are to determine the proper beneficiary in situations where they are presented with conflicting or ambiguous designations. *Parker* at 1113.

Limbaugh's cross Motion for Summary Judgment should be denied without prejudice. Limbaugh has failed to show, at this stage in the case, that she is entitled to a judgment as a matter of law. Her argument that *Egelhoff* applies to this matter is misplaced. In that case, the issue was whether a Washington State statute, requiring that after a dissolution of a marriage, the former spouse's interest in "non-probate assets," (including life insurance) was automatically revoked, violated the ERISA's preemption provision. *Id*. Unlike in *Egelhoff*, this case does not appear to involve ERISA's preemption provision or RCW § 11.07.010.

Longview Fibre argues that Limbaugh's motion is premature, and that "any decision on the appropriate beneficiary should wait until all legal issues concerning the applicable beneficiary forms are resolved." Dkt. 37, at 2. The children and the estate turn to the merits of the case and argue that the doctrine of substantial compliance should apply citing *Bank of America Pension Plan v. McMath,* 206 F.3d 821 (9th Cir. 2000). Dkt. 21, at 7-12. In some circumstances, the Ninth Circuit has held that courts do "have discretion to employ the equitable doctrine of substantial compliance, which is intended to circumvent harsh results 'engendered by a formalistic, overly technical adherence to the exact words of the change of beneficiary provision in a given policy.'" *Bank of America Pension Plan v. McMath,* 206 F.3d 821 (9th Cir. 2000). The children and the estate argue that if the doctrine of substantial compliance is applied, at a minimum, there are issues of fact as to whether decedent changed beneficiaries on June 14,

ORDER - 7

2006. *Id.*

Considering the procedural posture of the case, the approach advocated by Longview Fibre is appropriate. The record is insufficient to consider this motion on the merits. Limbaugh's Cross Motion for Summary Judgment should be denied without prejudice. Moreover, it is unclear if the record contains a complete copy of the plan in effect at the time of decedent's death. It is also unclear whether it is appropriate for the Court to make the beneficiary determination (as in *Parker*) or whether the determination should first be made by the plan administrator. Accordingly, remaining parties should show cause, within one month of this order, why this Court should make the beneficiary determination where it appears no designation has been made by the plan administrator.

### III. ORDER

Therefore, it is hereby,

**ORDERED** that:

- Plaintiff's Motion for Summary Judgment on Interpleader (Dkt. 10-1) is **GRANTED AND RE-NOTED for SEPTEMBER 1, 2006** to consider the amount of attorney's fees and costs due Standard Insurance. Standard Insurance is dismissed from this action and awarded reasonable attorney's fees and costs. Standard Insurance will brief the Court by August 21, 2006, in accordance with this order, responses, if any, are due on August 28, 2006, and a reply, if any is due August 31, 2006.
- Defendant Melina LaBree, nka Melina Dawn Limbaugh's Motion for Summary Judgment on Interpleader (Dkt. 12) is **DENIED WITHOUT PREJUDICE**.
- Remaining parties are ordered, within one month of this order, to show cause, if any they have, in writing, why the Court should determine the proper beneficiary when the plan administrator has made no such determination.

ORDER - 8

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

- DATED this 8th day of August, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 9