UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STANDARD INSURANCE COMPANY, an Oregon corporation,

    Plaintiff,

v.

MELINA LaBREE, nka Melina Dawn Limbaugh, individually; MICHELLE VANDENHAAK, individually and as Executrix of the Estate of RANDOLPH G. LaBREE; and RAYMOND LaBREE, individually,

    Defendants.

---

MICHELLE VANDENHAAK, individually and as Executrix of the Estate of RANDOLPH G. LaBREE; and RAYMOND LaBREE, individually,

    Third-Party Plaintiffs,

v.

LONGVIEW FIBRE COMPANY,

    Third-party Defendant.

Case No. C06-5113RJB

ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs. Dkt. 10-1. The Court has reviewed all documents filed in support of and in opposition to this Motion, has reviewed the entire file, and is fully advised.

ORDER - 1

## I.  FACTS

Interpleader Plaintiff, Standard Insurance Company ("Standard Insurance") filed this action on February 27, 2006.  Dkt. 1.  Standard Insurance deposited $155,000 in the registry of the Court on March 3, 2006.  Dkt. 4.  On August 8, 2006, Standard Insurance was dismissed from this action.  Dkt. 38.  Standard Insurance was told to provide further briefing to the Court regarding the amount of requested attorneys' fees and costs.  *Id*.

## II.  DISCUSSION

The availability of attorneys' fees for interpleader plaintiffs in Employee Retirement Income Security Act ("ERISA") cases "recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation." *Trustees of the Directors Guild of America v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000)(*internal citation omitted*). Attorneys' fees awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions, because the interpleader plaintiff is disinterested in the ultimate result. *Id.* "Compensable expenses include, for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id*. at 426-27.

The following factors are used in determining whether a claim for attorney's fees is reasonable:  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).  These considerations are consistent with Washington Rules of Professional Conduct 1.5.

Plaintiff requests $7,723.00 in attorneys' fees and $250.00 in costs.  In light of the *Kerr* factors, and the holding in *Tise*, this request for attorneys' fees and costs is reasonable and should be granted.

ORDER - 2

### A. TIME AND LABOR REQUIRED, NOVELTY AND DIFFICULTY OF QUESTIONS

Plaintiff's counsel states that the total time this interpleader action took was 66.8 hours, which included 40.0 hours of attorney's time and 26.8 hours of paralegal and law clerk time. This interpleader action was not particularly novel. The action required interpretation of federal statutory and case law under ERISA.

### B. REQUISITE SKILL AND PRECLUSION OF OTHER EMPLOYMENT

In order to perform this interpleader action properly, Plaintiffs' attorneys needed at least average skill. This case did not unduly preclude other employment by the attorney due to acceptance of the case.

### C. CUSTOMARY FEE and WHETHER FEE WAS FIXED OR CONTINGENT

Plaintiff's attorneys billed their time below the market rate for this matter. Dkt. 40, at 2. John Pollino billed $220.00 per hour and Wesley Raborn billed $170.00 per hour. Dkt. 39, at 2. Plaintiff's attorneys discounted the final bill by $1,350.00. Dkt. 40, at 4. The paralegal and law clerk fees, $80.00-$90.00 and $50.00 respectively, are customary and reasonable. *Id.*

### D. TIME LIMITS IMPOSED BY THE CLIENT OR THE CIRCUMSTANCES

The record does not indicate any time limits imposed by the client or the circumstances in this matter.

### E. AMOUNT INVOLVED AND RESULTS OBTAINED

The case involves a dispute over $155,000.00 in life insurance proceeds. Dkt. 1. Standard Insurance was dismissed as a party on August 8, 2006. Dkt. 38.

### F. EXPERIENCE REPUTATION AND ABILITY OF THE ATTORNEYS

Plaintiff's attorneys were John Pollino and Wesley Raborn. Dkt. 41-1, at 3. Mr. Pollino is an experienced attorney, having practiced law for fourteen years. *Id.* Mr. Raborn has practiced for five years. *Id.* Mr. Raborn has over three years ERISA administration and litigation experience. *Id.*

### G. UNDESIRABILITY OF CASE, NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP WITH CLIENT AND AWARDS IN SIMILAR CASES

This case was neither desirable or undesirable. Plaintiff's counsel has had a long and ongoing relationship with Standard Insurance. Dkt. 41-1, at 3. There is no evidence in the record regarding awards

ORDER - 3

in similar cases.

### H. CONCLUSION

Plaintiff seeks an award which is "properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions." *Tise*, at 426. Plaintiff's request for attorneys' fees and costs is reasonable and should be awarded.

### III. ORDER

Therefore, it is hereby, **ORDERED** that, Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 10-1) is **GRANTED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 18th day of September, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 4