| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |

STANDARD INSURANCE COMPANY, an Oregon corporation,

    Plaintiff,

  v.

MELINA LaBREE, nka Melina Dawn Limbaugh, individually; MICHELLE VANDENHAAK, individually and as Executrix of the Estate of RANDOLPH G. LaBREE; and RAYMOND LaBREE, individually,

    Defendants.

---

MICHELLE VANDENHAAK, individually and as Executrix of the Estate of RANDOLPH G. LaBREE; and RAYMOND LaBREE, individually,

    Third-Party Plaintiffs,

  v.

LONGVIEW FIBRE COMPANY,

    Third-party Defendant.

Case No. C06-5113RJB

ORDER

  This matter comes before the Court upon this Court's Order to Show Cause. Dkt. 38. The Court has reviewed all documents filed in response to the Order to Show Cause, has reviewed the entire file, and is fully advised.

ORDER - 1

## I. FACTS

Interpleader Plaintiff, Standard Insurance Company ("Standard Insurance") filed this action on February 27, 2006. Dkt. 1. Standard Insurance deposited $155,000 in the registry of the Court on March 3, 2006. Dkt. 4. The deposit represents decedent Randolph LaBree's life insurance policy proceeds. *Id.* Interpleader Defendants, decedent's ex-wife, Melina LaBree, nka Melina Dawn Limbaugh ("Limbaugh"), and his children, Michelle Vandenhaak and Michael Raymond LaBree, dispute who is entitled to the life insurance proceeds. Dkts. 9 and 15. On April 11, 2006, Interpleader Defendant Limbaugh filed an Answer. Dkt. 9. Standard Insurance filed a Motion for Summary Judgment on May 9, 2006. Dkt.10. Limbaugh filed a Response and Cross Motion for Summary Judgment on May 11, 2006. Dkt. 12. On May 12, 2006, Interpleader Defendants Michelle Vandenhaak, Michael Raymond LaBree, and Randolph LaBree's estate ("children and the estate") filed an Answer and Third Party Complaint adding Longview Fibre Company ("Longview Fibre"), Randolph LaBree's employer, as a Third Party Defendant. Dkt. 15-1. On August 8, 2006, Standard Insurance's Motion for Summary Judgment was granted, Limbaugh's Motion for Summary Judgment was denied without prejudice. Dkt. 38. Standard Insurance was dismissed from the case. *Id.*

This case presents the rare circumstance under an Employee Retirement Income Security Act ("ERISA") governed plan dispute, in that the plan administrator has made no beneficiary determination. Accordingly, the remaining parties were ordered to show cause why this Court should make the beneficiary determination where no designation was made by the plan administrator. *Id.*

Parties have all now responded. Dkts. 43, 44, and 48. Limbaugh argues that the plan administrator, Longview Fibre, should be required to make a preliminary determination, in order to give the Court "judicial insight into the administration of the benefit plan 'in accordance with the documents and instruments governing the plan'" and eliminate some of the arguments made by the various parties. Dkt. 43. Longview Fibre responds that this matter should not be remanded to the administrative claims process because it will not resolve the dispute. Dkt. 44. Longview Fibre argues that requiring it to make the initial determination would not resolve the matter because the losing party would again file suit. *Id.* The children and the estate join in Longview Fibre's analysis and favor the Court's retention of jurisdiction in this

ORDER - 2

1  matter.  Dkt. 48.

2  ## II. DISCUSSION

3  Generally, "[a] beneficiary seeking a determination of rights or benefits under [an ERISA governed] plan must first exhaust the administrative remedies provided by the plan." *Horan v. Kaiser Steel Retirement Plan,* 947 F.2d 1412, 1416 (9th Cir. 1991)(*citing Amato v. Bernard,* 618 F.2d 559, 567 (9th Cir.1980)).  A district court has discretion to waive the exhaustion requirement, and should do so when exhaustion would be futile or the remedy would be inadequate.  *Id.* (*internal citations omitted*); *Amato*, 567.

Here, exhaustion of the plan's administrative remedies would be futile.  Longview Fibre properly points out that the neutrality of the administrative proceedings would "take place under a cloud" due to the children and estate's claims against it in the handling of decedent's change of beneficiary forms.  Dkt. 3.  Moreover, no matter which party Longview Fibre chooses as the beneficiary, it is very likely that the disappointed party will file suit and challenge the administrator's decision.  The administrative process is therefore unlikely to resolve this dispute.  The parties should not be required to expend further resources than is necessary to settle this matter.

Limbaugh attempts to distinguish the case cited in this Court's August 8, 2006 order, *Metropolitan Life Ins. Co. v. Parker,* 436 F.3d 1109, 1113 (9th Cir. 2006) in arguing that Longview Fibre should make the initial beneficiary determination.  *Parker*, involved a dispute between several parties over a decedent's life insurance proceeds, which were part of an ERISA governed plan.  *Id*.  As in this case, the insurance company filed an interpleader action and deposited the proceeds of the policy in the registry of the court.  *Id*.  The insurance company was then dismissed from the case.  *Id*.  It is not clear in the opinion whether the plan administrator (Bank of America) made a decision regarding the proper beneficiary.  The Ninth Circuit noted, that "[a]lthough the record is silent on this point, it appears that the ERISA plan administrators at Bank of America had no clue how to distribute Parker's insurance proceeds." *Id*., at 1112.  It appears from this language, and due to the fact that the *Parker* court did not discuss the plan administrator's decision, that the plan administrator did not, in fact, make a decision.  The *Parker* court did not address the exhaustion of administrative remedies, but proceeded to narrow the claimants to down to two, and remanded the matter to district court for further findings of fact.  *Id.*  Limbaugh argues that case

ORDER - 3

is different the because in *Parker* the beneficiary designation made by the decedent was incomplete or ambiguous, but here the decedent's designation was neither incomplete nor ambiguous. Dkt. 43, at 2.

Limbaugh's argument is misplaced. Limbaugh's motion for summary judgment was denied without prejudice. Dkt. 38. Moreover, the fact still remains that exhaustion of administrative remedies would not resolve the dispute.

### III. ORDER

Therefore, it is hereby, **ORDERED** that the Court will exercise its discretion and waive the ERISA exhaustion requirement.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of October, 2006.

Robert J. Bryan
United States District Judge

ORDER - 4